United States District Court
Southern District of Texas
**ENTERED**
February 27, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA LONGORIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-0052 |
| § | |
| NANCY A. BERRYHILL, § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Plaintiff's Motion for Summary Judgment (Doc. 13) and Defendant's Cross-Motion for Summary Judgment (Doc. 11). The court has considered the motions, the responses, the administrative record, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED**.

### I. Case Background

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable decision by the Social Security Administration ("SSA") Commissioner ("Commissioner" or "Defendant") regarding Plaintiff's claim for supplemental security income under Title XVI of the Social Security Act ("the Act").

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 2, Ord. Dated Jan. 18, 2018.

The facts of the case are undisputed. Plaintiff was born on June 26, 1974, and was 39 years old on the alleged disability onset date of June 15, 2014.[2] Plaintiff applied for supplemental security income benefits claiming an inability to work since June 15, 2014, due to: (1) a speech impairment; (2) a slipped disc; (3) a herniated disc; (4) seizures; (5) back pain; and (6) hearing problems.[3]

On May 7, 2015, the SSA found Plaintiff not disabled at the initial level of review.[4] On November 13, 2015, the SSA again found Plaintiff not disabled upon reconsideration.[5] Plaintiff requested a hearing before an ALJ.[6] The ALJ granted Plaintiff's request and scheduled the hearing on October 19, 2016.[7]

At the hearing, Plaintiff and Roselyn Lloyd ("Lloyd"), a vocational expert, testified.[8] When questioning Lloyd, the ALJ began by describing a hypothetical person of Plaintiff's age, education, and work experience who: (1) was limited to work at the light exertional level; (2) could frequently engage in foot control operations; (3) could never climb ladders, ropes, or scaffolds; (4)

---

[2]   See Doc. 9, Tr. of the Admin. Proceedings ("Tr.") 63.
[3]   See Tr. 63.
[4]   See Tr. 85.
[5]   See Tr. 95.
[6]   See Tr. 99.
[7]   See Tr. 30.
[8]   See id.

2

could occasionally climb ramps or stairs; (5) could occasionally balance, stoop, crouch, kneel, and crawl; (6) must avoid using dangerous moving machinery and all exposure to unprotected heights; (7) may not be required to talk on a two-way radio or "engage in anything more than occasional telephone communication[;]" (8) "would be limited to simple, routine and repetitive tasks and a work environment free of fast paced production requirements[;]" (9) could only be involved in "simple work related decisions with few if any work place changes[;]" and (10) can only have occasional interaction with the public or coworkers.[9] Lloyd testified that the hypothetical person would be unable to return to Plaintiff's past relevant work as a babysitter.[10] The hypothetical person with Plaintiff's limitations would be able to work as a housekeeper, price marker, or non-postal mailroom clerk.[11]

Next, the ALJ limited the hypothetical person to sedentary work rather than light work.[12] Lloyd testified that the same hypothetical person limited to sedentary work would be able to work as a document preparer.[13] Lloyd testified that there are 1,500

---

[9]   See Tr. 52-53.

[10]  See id.

[11]  See Tr. 53.

[12]  See id.

[13]  See id.

document preparer jobs in Texas and 130,000 nationally.[14]

On January 12, 2017, the ALJ issued an unfavorable decision.[15] The ALJ found Plaintiff capable of sedentary work subject to the following limitations: (1) Plaintiff could not climb ladders, ropes, or scaffolds; (2) Plaintiff could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; (3) Plaintiff could not use two-way radio communication and could only occasionally communicate via telephone; (4) Plaintiff could not work at unprotected heights or around dangerous moving machinery; (5) Plaintiff could only "understand, remember, and carryout simple and routine tasks in an environment free of fast paced production requirements[;]" (6) Plaintiff could "respond appropriately to changes in the routine work setting[;]" (7) Plaintiff's "[j]udgment is limited to simple work-related decisions[;]" and (8) Plaintiff could "occasionally interact with coworkers and the public."[16] The ALJ determined that Plaintiff could not perform her past relevant work.[17] However, based on Lloyd's testimony, the ALJ determined that Plaintiff could work as a document preparer and that 1,500 such jobs existed in Texas and 130,000 existed nationally.[18] The

---

[14]   See id.

[15]   See Tr. 7.

[16]   See Tr. 18-19.

[17]   See Tr. 21.

[18]   See Tr. 22.

ALJ found this to be a significant number of jobs in the national economy.[19] Therefore, the ALJ found that Plaintiff had not been under a disability since January 28, 2015, the date she filed her application.[20]

Plaintiff appealed the ALJ's decision, and, on November 1, 2017, the Appeals Council denied Plaintiff's request for review, thereby transforming the ALJ's decision into the final decision of the Commissioner.[21] After receiving the Appeals Council's denial, Plaintiff timely sought judicial review of the decision by this court.

## II.  Standard of Review and Applicable Law

The court's review of a final decision by the Commissioner denying disability benefits is limited to the determination of whether: 1) the ALJ applied proper legal standards in evaluating the record; and 2) substantial evidence in the record supports the decision. Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002).

**A.  Legal Standard**

In order to obtain disability benefits, a claimant bears the ultimate burden of proving she is disabled within the meaning of the Act. Wren v. Sullivan, 925 F.2d 123, 125 (5th Cir. 1991). Under the applicable legal standard, a claimant is disabled if she is

---

[19]  See id.

[20]  See id.

[21]  See Tr. 1.

unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a); see also Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). The existence of such a disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. § 423(d)(3), (d)(5)(A); Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983).

To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that disability claims should be evaluated according to the following sequential five-step process:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless [s]he has a "severe impairment;" (3) a claimant whose impairment meets or is equivalent to [a Listing] will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that [s]he has done in the past must be found "not disabled;" and (5) if the claimant is unable to perform h[er] previous work as a result of h[er] impairment, then factors such as h[er] age, education, past work experience, and [RFC] must be considered to determine whether [s]he can do other work.

Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994); see also 20 C.F.R. § 404.1520. The analysis stops at any point in the process upon a finding that the claimant is disabled or not disabled. Greenspan, 38 F.3d at 236.

**B.  Substantial Evidence**

The widely accepted definition of "substantial evidence" is "that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000).  It is "something more than a scintilla but less than a preponderance."  Id.  The Commissioner has the responsibility of deciding any conflict in the evidence. Id.  If the findings of fact contained in the Commissioner's decision are supported by substantial record evidence, they are conclusive, and this court must affirm.  42 U.S.C. § 405(g).

Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the court overturn it.  See Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).  In applying this standard, the court is to review the entire record, but the court may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for the Commissioner's judgment.  Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999).  In other words, the court is to defer to the decision of the Commissioner as much as is possible without making its review meaningless.  Id.

### III. Analysis

Plaintiff requests judicial review of the ALJ's decision to deny disability benefits.  Plaintiff asserts that the ALJ's decision contains the following errors: (1) the ALJ erred in

7

finding that 1,500 jobs in Texas and 130,000 jobs nationally was a significant number of jobs; and (2) the ALJ erred in finding that there were 130,000 jobs nationally as a document preparer.[22] Plaintiff only challenges these two determinations made at the fifth step of the five-step process.[23] Defendant argues that the ALJ's decision is legally sound and is supported by substantial evidence.

Work exists in the national economy when it exists in significant numbers either in the region where the plaintiff lives or in several other regions of the country. See 20 C.F.R. § 416.966(a). It does not matter whether: (1) work exists in the immediate area that the plaintiff lives; (2) a specific job vacancy exists for the plaintiff; or (3) the plaintiff would be hired if she applies for work. See id. However, "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [a plaintiff lives] are not considered 'work which exists in the national economy.'" See 20 C.F.R. § 416.966(b).

The parties cite to three cases that address what number of jobs is "significant." In Mericle v. Sec'y of Health & Human Services, an Eastern District of Texas court held that 870 jobs in

---

[22] See Doc. 14, Pl.'s Mot. for Summ. J. p. 4; Doc. 16, Pl.'s Resp. to Def.'s Cross Mot. for Summ. J. pp. 2-3.

[23] See Doc. 14, Pl.'s Mot. for Summ. J. p. 4; Doc. 16, Pl.'s Resp. to Def.'s Cross Mot. for Summ. J. pp. 2-3.

Texas was not a "significant number" within the plaintiff's region. 892 F. Supp. 843, 846-47 (E.D. Tex. 1995). In <u>Walker v. Shalala</u>, this court held that 1,800 jobs in Texas and 18,000 jobs nationally were not "significant" numbers. Civ. Act. No. H-93-2507, 1994 WL 171209, at *2 (S.D. Tex. Jan. 6, 1994).

However, in <u>Lirley v. Barnhart</u>, the Fifth Circuit held that 50,000 jobs nationally was a "significant number" of jobs satisfying the regulations. 124 F. App'x 283, 283–84 (5th Cir. 2005) (unpublished). The referenced district court cases are not binding upon this court and predated the <u>Lirley</u> opinion.

Here, the ALJ found that 130,000 jobs nationally was a "significant number," which is more than twice the number the Fifth Circuit found to be a "significant number" in <u>Lirley</u>. Accordingly, the court finds that the ALJ did not err in finding that 130,000 jobs nationally was a "significant number" for the purposes of 20 C.F.R. § 416.966(a).

Regarding, Plaintiff's second argument, the court finds that it is not supported by any evidence. Plaintiff merely complains that document-preparer work is in the microfilm business and takes issue with "[t]he notion that there are 130,000 individuals in the microfilm business in 2017/2018 . . . ."[24] This is inadequate. In light of Lloyd's testimony and Plaintiff's failure to provide any contrary evidence, the court finds that substantial evidence

---

[24] <u>See</u> Doc. 16, Pl.'s Resp. to Def.'s Cross Mot. for Summ. J. p. 2.

supports the ALJ's finding that there are 130,000 document-preparer jobs nationally.

For these reasons, substantial evidence supports the ALJ's determination that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and is therefore, not disabled.[25]

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of February, 2019.

---

[25] See Tr. 22.

U.S. MAGISTRATE JUDGE